| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>NIU Holdings LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See Schedule 1 Attached | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>N/A | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1875 Explorer Street, Suite 800<br>Reston, VA, United States<br>ZIP CODE 20190 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Fairfax County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>See Schedule 1 Attached | ZIP CODE |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

-----------------------------------

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: None | Case Number: N/A | Date Filed: N/A |
| Location Where Filed: N/A | Case Number: N/A | Date Filed: N/A |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: See Schedule 1 Attached | Case Number: See Schedule 1 Attached | Date Filed: Sept. 15 and Oct. 8, 2014 |
| District: Southern District of New York | Relationship: Affiliate | Judge: Hon. Shelley C. Chapman |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). X _____ Signature of Attorney for Debtor(s)     (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13) — Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>NIU Holdings LLC |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X  /s/ Scott J. Greenberg
Signature of Attorney for Debtor(s)
Scott J. Greenberg
Lisa Laukitis
Jones Day
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

January 25, 2015
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  *Shana Smith*
Signature of Authorized Individual
Shana Smith
Printed Name of Authorized Individual
Manager
Title of Authorized Individual
January 25, 2015
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## **SCHEDULE 1**

A.  All Other Names Used by the Debtor in the last 8 years (including trade names):

None

B.  Location of Principal Assets of Business Debtor (if different from street address):

The Debtor's principal asset is its equity interest in debtor Nextel International (Uruguay), LLC.

C.  Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

On September 15, 2014 or October 8, 2014, each of the affiliated entities listed below, (collectively, the "Affiliate Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Affiliate Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under Case No. 14-12611 (SCC).

| | | |
|---|---|---|
| 1. | NII Holdings, Inc. | (Case No. 14-12611) |
| 2. | Nextel International (Services), Ltd. | (Case No. 14-12612) |
| 3. | NII Capital Corp. | (Case No. 14-12613) |
| 4. | NII Aviation, Inc. | (Case No. 14-12614) |
| 5. | NII Funding Corp. | (Case No. 14-12615) |
| 6. | NII Global Holdings, Inc. | (Case No. 14-12616) |
| 7. | NII International Holdings S.à r.l. | (Case No. 14-12617) |
| 8. | NII International Services S.à r.l. | (Case No. 14-12618) |
| 9. | NII International Telecom S.C.A. | (Case No. 14-12619) |
| 10. | McCaw International (Brazil), LLC | (Case No. 14-12843) |
| 11. | Nextel International (Uruguay), LLC | (Case No. 14-12844) |
| 12. | NII Mercosur, LLC | (Case No. 14-12845) |
| 13. | Airfone Holdings, LLC | (Case No. 14-12846) |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                                   :    Chapter 11
:
NIU Holdings LLC,                                        :    Case No. 15-_____ (___)
:
         Debtor.                                         :
:
---------------------------------------------------------------x

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING TWENTY LARGEST UNSECURED CLAIMS**

   Please refer to the list of creditors included with the chapter 11 petition of the Debtor's affiliate, NII Holdings, Inc., Case No. 14-12611 (SCC).  The chapter 11 petition of NII Holdings, Inc. is available at http://cases.primeclerk.com/nii/.  The list of creditors, dated as of September 12, 2014, sets forth creditors holding the twenty largest unsecured claims against the Debtor and its affiliates that have also commenced bankruptcy cases (the "Debtors").

   The list of creditors was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of title 11 of the United States Code, or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims.  The information presented in the list of creditors shall not constitute an admission by, nor is it binding on, the Debtors.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re:                                    :    Chapter 11
:
NIU Holdings LLC,                         :    Case No. 15-_____ (___)
:
Debtor.                          :
:
---------------------------------------------------------------x

## LIST OF CREDITORS[1]

In connection with the filing of this petition for relief, the Debtor will file a motion (the "Second Applicability Motion") for an order directing that certain orders in the jointly administered chapter 11 cases of NII Holdings, Inc., Case No. 14-12611 (SCC), be made applicable to the Debtor's chapter 11 case. On September 15, 2014, NII Holdings, Inc. and certain of its affiliates (collectively, the "Initial Debtors") filed a motion requesting a waiver of the requirement for filing a list of creditors pursuant to sections 342, and 521(a) of title 11 of the United States Code, Rules 1007(a) and 2002(a) and 2002(f) of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York.[2] On October 8, 2014, certain affiliates of the Debtor (together with the Initial Debtors, the "Affiliate Debtors") filed petitions in this Court for relief under chapter 11 of title 11 of the United States Code and a motion for an order directing that certain orders in the jointly administered chapter 11 cases of NII Holdings, Inc., Case No. 14-12611 (SCC), be made applicable to their chapter 11 cases (the "First Applicability Motion").[3] Upon entry of the order approving the Second Applicability Motion, the Debtor proposes to furnish its list of creditors to the claims and noticing agent engaged by the Affiliate Debtors.

---

[1]   The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor.

[2]   The motion was granted and an order entered on September 16, 2014 [Docket No. 27].

[3]   The First Applicability Motion was granted and an order entered on October 22, 2014 [Docket No. 140].

NYI-524635953v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
NIU Holdings LLC,                                          :   Case No. 15-_____ (___)
                                                           :
                Debtor.                                    :
                                                           :
-----------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS

NIHD Telecom Holdings, B.V.
Prins Bernhardplein 200,
1097 JB Amsterdam, Netherlands
100% Ownership Interest

[The remainder of this page is intentionally blank.]

NYI-524635953v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re:                                                          :    Chapter 11
                                                                :
NIU Holdings LLC,                                               :    Case No. 15-_____ (___)
                                                                :
                    Debtor.                                     :
                                                                :
----------------------------------------------------------------x

### DECLARATION REGARDING LIST OF EQUITY SECURITY HOLDERS

I, Shana Smith, Manager of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing "List of Equity Security Holders" and that it is true and correct to the best of my knowledge, information and belief.[1]

Dated: January 25, 2015

*Shana Smith* (signature)
Shana Smith
Manager of NIU Holdings LLC

---

[1] *Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

NYI-524635953v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
NIU Holdings LLC, : Case No. 15-_____ (___)
: 
Debtor. :
: 
---------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the above-captioned debtor, on behalf of itself and its affiliated chapter 11 debtors and debtors in possession (collectively, the "Debtors"), respectively represents:

1. To the best of the Debtors' knowledge and belief, as of September 1, 2014 no person or entity held 10% or more of any class of equity securities of NII Holdings, Inc. ("NII Holdings").

2. 100% of NII Capital Corp.'s equity is directly owned by NII Holdings.

3. 100% of Nextel International (Services), Ltd.'s equity is directly owned by NII Holdings.

4. 100% of NII Funding Corp.'s equity is directly owned by NII Holdings.

5. 100% of NII Aviation, Inc.'s equity is directly owned by NII Holdings.

6. 100% of NII Global Holdings, Inc.'s equity is directly owned by NII Capital Corp.

7. 100% of NII International Holdings S.à r.l.'s equity is directly owned by NII Global Holdings, Inc.

8. 100% of NII International Services S.à r.l.'s equity is directly owned by NII International Holdings S.à r.l.

9. 50.002% of NII International Telecom S.C.A.'s equity is directly owned by NII International Holdings S.à r.l. and 49.988% of NII International Telecom S.C.A.'s equity is directly owned by NII International Services S.à r.l.

10. 100% of NIU Holdings LLC's equity is directly owned by NIHD Telecom Holdings, B.V., a direct subsidiary of NII International Telecom S.C.A.

11. 100% of Nextel International (Uruguay), LLC's equity is directly owned by NIU Holdings LLC, a direct subsidiary of NIHD Telecom Holdings, B.V.

NYI-524635953v1

12. 100% of McCaw International (Brazil), LLC's equity is directly owned by NII International Mobile S.à r.l., a direct subsidiary of NII International Telecom S.C.A.

13. 100% of Airfone Holdings, LLC's equity is directly owned by McCaw International (Brazil), LLC.

14. 100% of NII Mercosur, LLC's equity is directly owned by NII International Telecom S.C.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
NIU Holdings LLC,                                   :    Case No. 15-_____ (___)
:
            Debtor.                                 :
:
------------------------------------------------------------x

### DECLARATION REGARDING THE CORPORATE OWNERSHIP STATEMENT

      I, Shana Smith, Manager of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing "Corporate Ownership Statement" and that it is true and correct to the best of my knowledge information and belief.[1]

Dated: January 25, 2015

                                                                   */s/ Shana Smith*
                                                                   Shana Smith
                                                                   Manager of NIU Holdings LLC

---

[1] *Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# NIU HOLDINGS LLC

a Delaware limited liability company

WRITTEN CONSENT OF THE MANAGERS
IN LIEU OF A SPECIAL MEETING

---

January 25, 2015

The undersigned, being all of the Managers of NIU HOLDINGS LLC, a Delaware limited liability company (the "Company"), in lieu of holding a special meeting of the Managers of the Company, do hereby take the following actions and adopt the following resolutions by written consent pursuant to Section 18-404(d) of the Limited Liability Company Act of the State of Delaware, as amended, and the Limited Liability Company Agreement of the Company:

**WHEREAS**, the Managers of the Company have evaluated the Company's alternatives in connection with a possible restructuring and have determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code by the Company is in the best interest of the Company and its stakeholders;

**RESOLVED**, that the Company shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for the Company, in the United States Bankruptcy Court for the Southern District of New York or such other court as the appropriate managers of the Company shall determine to be appropriate (the "Bankruptcy Court").  The Company is further authorized to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing and the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof;

**FURTHER RESOLVED**, that any manager of the Company (collectively, the "Designated Managers") shall be, and each of them, acting alone, hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company to:  (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Manager, in such manager's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Company's chapter 11 case in such form or forms as any such Designated Manager may approve; and the actions of any Designated Manager taken pursuant to this resolution, including, the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments,

guaranties, notices and other documents, shall be conclusive evidence of such Designated Manager's approval and the necessity or desirability thereof;

**FURTHER RESOLVED**, that the Designated Manager shall be, and each of them hereby is, authorized, directed and empowered to retain, on behalf of, and in the name of, the Company: (a) Jones Day; (b) Alvarez & Marsal North America, LLC; (c) Rothschild, Inc.; (d) McKinsey Recovery & Transformation Services U.S., LLC; (e) Prime Clerk LLC and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, auditors, consultants or brokers, in each case as in such Designated Manager's judgment may be necessary or desirable in connection with the Company's chapter 11 case and other related matters, on such terms as such Designated Manager shall approve and such Designated Manager's retention thereof shall constitute conclusive evidence of such Designated Manager's approval and the necessity or desirability thereof;

**FURTHER RESOLVED**, that the law firm Jones Day and any additional co-counsel or special or local counsel selected by a Designated Manager, if any, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Designated Managers, each of the Designated Managers or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute, acknowledge, deliver and verify any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such Designated Manager's judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that all acts heretofore lawfully done or actions heretofore lawfully taken or to be taken by any Designated Manager of the Company in connection with the purpose, intent or implementation of these resolutions in all respects are hereby ratified, confirmed and approved; and

**FURTHER RESOLVED**, that any Designated Manager is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Designated Manager, a true copy of the foregoing resolutions.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the date first indicated above.

MANAGERS:

_____
By: Daniel E. Freiman
Its: Manager

_____
By: Shana C. Smith
Its: Manager