JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Scott J. Greenberg
Lisa Laukitis

 - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
NII Holdings, Inc., et al.,[1]                  :    Case No. 14-12611 (SCC)
                                                :
                  Debtors.                      :    (Jointly Administered)
------------------------------------------------------------x
```

---

[1] The Debtors in the jointly administered bankruptcy cases are comprised of the following thirteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

NYI-524636149v1

```
------------------------------------------------------ x
In re:                                                 :    Chapter 11
                                                       :
NIU Holdings LLC,²                                     :    Case No. 15-10155 (SCC)
a Delaware limited liability company,                  :
                                                       :    (Joint Administration Requested)
                            Debtor.                    :
------------------------------------------------------ x
```

**DECLARATION OF DANIEL E. FREIMAN IN
SUPPORT OF MOTION OF DEBTORS AND DEBTORS IN
POSSESSION FOR ENTRY OF AN ORDER PURSUANT TO SECTION
105(A) OF THE BANKRUPTCY CODE AND LOCAL BANKRUPTCY
RULE 9006-2 MAKING CERTAIN ORDERS ENTERED IN CHAPTER 11
CASES OF AFFILIATED DEBTORS APPLICABLE TO RECENTLY FILED CASE**

Daniel E. Freiman, being duly sworn, deposes and states:

1. I am the Treasurer, Vice President – Corporate Development & Investor Relations of NII Holdings, Inc. ("NII Holdings"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors").  I have held this position at NII Holdings since 2008.  As part of my employment and service, I have become familiar with the Debtors' history, day-to-day operations, business and financial affairs and books and records, as well as the Debtors' restructuring efforts.

2. I make this Declaration in support of the Motion of Debtors and Debtors in Possession for an Order Pursuant to Sections 105(a) the Bankruptcy Code and Local Bankruptcy Rule 9006-2 Making Certain Orders Entered in Chapter 11 Cases of Affiliated Debtors Applicable to Recently Filed Case (the "Motion").  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3. Except as otherwise indicated, all facts set forth in this Declaration are

---

² The location of the Debtor's corporate headquarters and the Debtor's service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

based upon my personal knowledge, my review of relevant documents, my experience with the Debtors' business or my conversations with the Debtors' employees and/or professionals. If called to testify, I could and would testify to the facts and opinions set forth herein.

*The Original Debtors' Chapter 11 Cases*

4. On September 15, 2014, NII Holdings and eight of its subsidiaries (the "Original Debtors") commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On September 15, 2014, the Original Debtors filed the Declaration of Daniel E. Freiman in Support of First Day Motions and in Accordance with Local Bankruptcy Rule 1007-2 (the "Initial Freiman Declaration") [Case No. 14-12611 (SCC), Docket No. 19]. I hereby incorporate the Initial Freiman Declaration into this Declaration as if fully set forth herein.

*The Additional Debtors' Chapter 11 Cases*

6. On October 8, 2014, four of the Original Debtors' subsidiaries (the "Additional Debtors") commenced their reorganization cases by filing voluntary petitions for relief under the Bankruptcy Code.

7. On October 8, 2014, the Debtors filed the Declaration of Daniel E. Freiman in Support of the Motion of Debtors and Debtors in Possession for an Order Pursuant to Sections 105(a) the Bankruptcy Code and Local Bankruptcy Rule 9006-2 Making Certain Orders Entered in Chapter 11 Cases of Affiliated Debtors Applicable to Recently Filed Cases (the "Subsequent Freiman Declaration") [Case No. 14-12611 (SCC), Docket No. 76]. I hereby incorporate the Subsequent Freiman Declaration into this Declaration as if fully set forth herein.

*The New Debtor's Chapter 11 Case*

8. Simultaneously with ongoing negotiations with their major creditor constituencies on the terms of a chapter 11 plan of reorganization, the Debtors, as fiduciaries of their estates, were exploring all possible alternatives to maximize recoveries for their creditors and to ensure the company would survive as a going concern, including conducting a sale process with respect to all or significant parts of their operating businesses. Even after the Debtors entered into a plan support agreement with certain of their significant creditor constituencies and filed a chapter 11 plan of reorganization and related disclosure statement, the Debtors continued to explore and negotiate a possible value-maximizing sale of their operations in Mexico ("NII Mexico"). Those negotiations ultimately culminated in an offer from New Cingular Wireless Services, Inc. (the "Purchaser"), an affiliate of AT&T, to purchase NII Mexico for approximately $1.875 billion that will serve as the stalking horse bid in an auction and sale process.

9. In order to effectuate the sale of NII Mexico in the most efficient manner, and to maximize the proceeds to the Debtors' estates, the sale has been structured as the purchase of all of the outstanding equity interests of the Nextel International (Uruguay), LLC from NIU Holdings LLC ("NIU Holdings"). Therefore, because Nextel International (Uruguay), LLC is already a debtor, the commencement of the bankruptcy case of NIU Holdings was necessary in order to properly effectuate the proposed value-maximizing sale of NII Mexico.

10. If NIU Holdings had commenced its chapter 11 case at the same time as the Original Debtors or Additional Debtors, it would have been movants with respect to all of the Preexisting Orders (as defined in the Motion). Indeed, the reasons set forth in the Initial Freiman Declaration and the Subsequent Freiman Declaration for the entry of the Preexisting Orders in

the Original Debtors' and then the Additional Debtors' chapter 11 cases also support the entry of substantially similar relief, with appropriate modifications to the applicable deadlines contained therein and as set forth in the Motion, in NIU Holdings' chapter 11 case. NIU Holdings requires the same protections and authorizations, subject to the aforementioned modifications, that are provided by the Preexisting Orders so that NIU Holdings may enter chapter 11 in an orderly manner.

11.     Moreover, the entry of an order directing that the Preexisting Orders be made applicable to NIU Holdings will obviate the need for duplicative notices, motions, applications, affidavits and orders to be filed in this case. As such, the Debtors anticipate that they will be able to save time and expense for their estates and reduce the burden on the Court and parties in interest by proceeding in this manner.

Dated: January 26, 2015

_____
Daniel E. Freiman
Treasurer, Vice President – Corporate Development
& Investor Relations of NII Holdings, Inc.